## ELMER H. WALKER *vs.* JOHN H. TAYLOR.

*Covenant—Contract—Sale and Delivery—Time of Delivery—Reasonable Time—When Articles Specified in Contract Cannot be Delivered; Sufficient, if Others as Good are Delivered—Damages.*

1. When in a written agreement for the sale and delivery of certain property no time is specified for such delivery, the law implies and requires that the delivery shall be within a reasonable time after the sale. What is such a reasonable time may be determined by the nature of the article sold, the usual course of the particular business or trade and other circumstances relevant to the time of delivery as shown by the evidence.

2. Where one agrees to deliver articles sold, the contract is complied with if the articles are equally good and serviceable in all respects as those agreed to be delivered.

(*October 31, 1902.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Alexander M. Daly* and *John H. Hutton* for plaintiff.

*James H. Hughes* and *James L. Wolcott* for defendant.

Superior Court, Kent County, October Term, 1902.

ACTION OF COVENANT (No. 70, October Term, 1900).

The facts sufficiently appear in the charge of the Court.

GRUBB, J., charging the jury :

Gentlemen of the jury :—This is an action of covenant brought by Elmer H. Walker, the plaintiff, against John H. Taylor, defendant, for the recovery of damages for the breach of a written agreement under seal for the sale and delivery among other things of sixty butter tubs belonging to the defendant's creamery also sold to the plaintiff.

No time for the delivery of said butter tubs is specified in said

agreement, but in such case the law implies and requires that the delivery thereof shall be within a reasonable time after the sale.

What is such a reasonable time may be determined by the nature of the article sold, the usual course of the particular business or trade and other circumstances relevant to the time of delivery as shown by the evidence.

In this case the plaintiff admits that twenty-one of said butter tubs were received by him, but claims that thirty-nine thereof were not delivered to him within a reasonable time, and never have been, and consequently he has suffered the damages he has specified in the presentation of his case to the jury. He claims as damages the amount he alleges he was obliged to pay for other butter tubs in the place of those which he insists the defendant failed to deliver in compliance with his agreement of sale. He also claims damages for loss on the sale of butter and for other expenditures occasioned by the defendant's alleged failure to deliver said thirty-nine butter tubs according to the terms of said agreement.

On the other hand the defendant claims that he duly delivered to the plaintiff within a reasonable time, in view of the particular circumstances of the case, thirty-nine butter tubs in substantial and complete performance of the requirements of said agreement, which he claims he had purchased for this purpose after discovering that the original butter tubs belonging to his said creamery could not be recovered and delivered to the plaintiff.

In regard to this ground of defense we say to you that where one agrees to deliver articles sold the contract is complied with if the articles are equally good and serviceable in all respects as those agreed to be delivered. If you find that the defendant, John H. Taylor, did deliver to the plaintiff, within a reasonable time after the said sale, thirty-nine butter tubs equally good and serviceable in all respects as those agreed to be delivered, but which latter could not be recovered and delivered by him to the plaintiff, then you can not render a verdict against him in favor of the plaintiff.

If you find that said defendant did not within such reason-

able time deliver either the said thirty-nine butter tubs belonging to his said creamery or thirty-nine butter tubs equally good and serviceable as the same, or any portion thereof, then you may render a verdict for such damages as you shall find from all the evidence before you, the plaintiff has suffered by reason thereof.

Verdict for plaintiff for $9.75.